Filed 4/28/23 Valdez v. Valdez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID VALDEZ,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NORMAN J. VALDEZ, JR.,<br><br>        Defendant and Appellant. | A163041<br><br><br>(Lake County<br>Super. Ct. No. FL213745) |

This appeal reaches back to a violent altercation between brothers David Valdez and Norman Valdez, Jr. ("Joe")[1] in 2017. Following this incident, the brothers applied for and obtained mutual three-year domestic violence restraining orders (See Fam. Code,[2] §§ 6220, 6300).

Three years later, Joe (but not David) applied unsuccessfully to renew his restraining order and make it permanent. On appeal from the order denying his application, he argues David's attorney committed misconduct; that the court misconstrued the law; and that it abused its discretion by failing to properly consider all pertinent facts and evidence. We affirm.

---

[1] The brothers share a common surname, so for clarity we will use their first names.

[2] Undesignated statutory references are to the Family Code.

1

## BACKGROUND

In the proceedings on the original applications, the trial court found Joe was the initial aggressor and that David used disproportionate force when he responded by twice striking Joe on the head with a 14-pound piece of steel. The court granted both brothers' applications and issued mutual three-year restraining orders.

Three years later Joe applied to permanently renew his restraining order against David, whom he alleged had repeatedly violated court orders and continued to harass and disparage him. In opposition, David argued that Joe failed to demonstrate the objectively reasonable apprehension of future abuse required to renew a restraining order. (See § 6345; *Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 874.) According to David, his sole transgression was acting excessively in self-defense during the 2017 altercation; moreover, Joe had been evicted from their father's property (the site of the altercation) and moved to a different county, so there was no longer any reason for the brothers to encounter each other.

Joe disagreed. In addition to recounting a markedly different version of the October 2017 incident and what he described as a long history of David's use of violence against him, he maintained it was possible the brothers would encounter each other in the future at family gatherings, in dealing with their father's failing health, or if Joe were deployed to fight wildfires on David's or their father's properties.

The brothers agreed to proceed on the declarations they submitted. After reviewing the evidence, the prior court's 2018 tentative oral ruling, and its final statement of decision, the trial court found no basis to conclude a reasonable person in Joe's circumstances would have a reasonable apprehension of future abuse without a protective order. Accordingly, it declined to renew his restraining order.

## DISCUSSION

### A.

Pursuant to the Domestic Violence Prevention Act (§ 6200 et seq.), upon "reasonable proof" of past abuse a court may issue a protective order effective up to five years to prevent a recurrence of domestic violence and ensure a period of separation of the persons involved. (§§ 6220, 6300, 6345, subd. (a).) Upon a protected party's request, the court has the discretion to subsequently renew the order for five or more years or permanently without a showing of further abuse. (§ 6345, subd. (a).) If the other party contests the renewal request, however, the court may not grant it unless it finds the applicant has an objectively reasonable fear of future abuse. (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290; *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 331-332 (*Lister*).)

### B.

Joe contends David's lawyer committed fraud on the court by misstating the prior court's factual findings for the 2018 restraining orders. Specifically, he asserts attorney Steven Brown intentionally misled the current court by referring to the 2018 tentative oral ruling as if it were the final, superseding statement of decision issued four months later; misrepresented witness statements quoted in the 2018 oral ruling as the court's factual findings; and made statements that directly conflicted with the evidence, factual findings, and rulings in the 2018 proceedings. This purported chicanery, he contends, mandates reversal and the imposition of sanctions on both Brown and David.

The contention is meritless. Joe failed to assert an attorney misconduct claim in the trial court and therefore has forfeited it for appeal. (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28 [issue not raised in the trial court is waived].) In any event, there could be no

3

prejudice.  The trial court explicitly noted that it had reviewed the prior court's oral ruling and final statement of decision.  Even assuming for purposes of argument that Brown misstated the record as Joe claims (to be clear, we make no finding on that point), the record thus contradicts any claim that the court was misled about or ignored the prior court's final rulings.

On the merits, Joe argues the trial court applied the wrong legal standard by focusing on the *probability* of future abuse, rather than on a *reasonable apprehension* of future abuse.  It did not.  Renewal of a restraining order is proper if " 'the probability of future abuse is sufficient that a reasonable woman (or man, if the protected party is a male) in the same circumstances would have a "reasonable apprehension" such abuse will occur unless the court issues a protective order.' " (*Lister, supra,* 215 Cal.App.4th at p. 332.)  To find a party's apprehension reasonable, the evidence must demonstrate that it is more probable than not there is a risk of future abuse that justifies the apprehension.  (*Id.* at p. 333.)  On the other hand, a strictly subjective fear of further abuse is insufficient.  (*Id.* at p. 332.)

The court correctly applied these principles.  It stated: "The fact that Joe is fearful of David, however, does not, in and of itself, justify the renewal of the restraining order.  As both sides stated in their [p]leadings, I can renew the restraining order only if I find the probability of future abuse is sufficient that a reasonable person in the same circumstances would have a reasonable apprehension such abuse will occur unless the Court issues a protective order."  That is precisely what the law requires.  (*Lister, supra,* 215 Cal.App.4th at pp. 332-333.)

Joe further contends the court (1) mistakenly believed it could not renew his restraining order unless David had committed new abuses while the prior order was in effect (see § 6345 [restraining order may be renewed without a showing of further abuse]); and (2) failed to comprehend or "look at" the

4

"correct set of facts" supporting the initial protective order or consider later purported incidents in which Joe claims David violated court orders. The record substantiates neither claim and we will not assume error unless it is shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [judgment is presumed correct; appellant must affirmatively show error]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [self-represented status does not excuse litigants from procedural rules].)

Joe's remaining arguments essentially invite this court to reassess the record and find in his favor. However, the trial court reasonably drew different inferences from the evidence. As a reviewing court, we may neither reweigh the evidence nor substitute our own judgment for that of the trial court. (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1145.)

## DISPOSITION

The order is affirmed. David is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), 8.278(a)(2).)

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

LANGHORNE, J.*

A163041

---

* Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6